978 F.2d 1258
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Muhammad FAREED, Petitioner-Appellant,
v.
Carole SHIPLEVY, Warden, Hocking Correctional Facility,
Respondent-Appellee.
 No. 92-3375.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Muhammad Fareed, an Ohio prisoner proceeding without assistance of counsel, moves for the appointment of counsel on appeal from the judgment of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 10, 1989, Fareed pleaded guilty to felonious assault in violation of Ohio Revised Code § 2903.11(A)(2), and was sentenced to an indeterminate period of imprisonment of 3 to 15 years. On September 28, 1989, he filed an untimely notice of appeal in Ohio's Seventh District Court of Appeals. The Court of Appeals dismissed the appeal on October 5, 1989. On October 27, 1989, Fareed filed a motion for leave to file a delayed appeal in which he first alleged he was denied effective assistance of counsel. The motion was denied on November 21, 1989. On March 20, 1991, Fareed filed a motion to set aside the judgment and sentence pursuant to Ohio Revised Code § 2953.21. The motion was dismissed on May 20, 1991. Fareed did not perfect an appeal from that decision.
 
 
 3
 In his habeas petition, Muhammad Fareed alleged:
 
 
 4
 1) that he was denied effective assistance of counsel resulting from counsel's failure to adequately investigate possible defenses;
 
 
 5
 2) that prejudice resulted from the state court's failure to provide appointed counsel to assist him in gathering evidence for the post-conviction appeal; and,
 
 
 6
 3) that Ohio's post-conviction statute, O.R.C. § 2953.21, is too restrictive because it does not provide for the right to appointed counsel.
 
 
 7
 The district court held that Fareed is foreclosed from bringing this petition due to procedural default, lack of merit, and absence of constitutional issues. More specifically, the court concluded that Fareed did not establish cause and prejudice for his failure to appeal the dismissal of his post-conviction motion to vacate sentence (claim 1); that he was not constitutionally entitled to receive the assistance of a state appointed attorney to prosecute his post-conviction motion (claim 2); and, that Fareed's claim that Ohio's post-conviction procedure is too restrictive, was not properly before the court on habeas corpus (claim 3). The court granted a certificate of probable cause on appeal.
 
 
 8
 Upon review, we find no error. Accordingly, the request for appointment of counsel is hereby denied, and the judgment of the district court is hereby affirmed for the reasons set forth in the district court's memorandum opinion dated April 6, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.